IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEI'CHOURA M. CATHEY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -vs- ) | **FILE NO. _____** |
| ) | |
| MAURY COUNTY SHERIFF'S DEPARTMENT- ) | |
| SHERIFF BUCKY ROWLAND, ) | |
| MAURY COUNTY SHERIFF'S DEPARTMENT, ) | |
| And MAURY COUNTY, TENNESSEE, ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, Kei'Choura M. Cathey (hereinafter "Plaintiff"), by and through counsel, Lee Edward Brooks, and hereby brings this action for compensatory damages and punitive damages plus attorneys' fees against the Defendants, Sheriff Bucky Rowland of the Maury County Sheriff's Department, the Maury County Sheriff's Department, and Maury County, Tennessee, (hereinafter "Defendants") as follows:

## Parties, Jurisdiction, and Venue

1. Plaintiff is a resident of Maury County, Tennessee.

2. Maury County Sheriff's Department is operated by and under the control and benefit for Maury County. The Plaintiff was in the custody of the Defendants, Maury County Sheriff's Department, at the time of her incarceration.

1

3.  Sheriff Bucky Rowland the elected Sheriff of Maury County at the time of Plaintiff's incarceration and in charge of the Sheriff Department's policies, customs and practices.

4.  Jurisdiction is proper in this Court pursuant to the violations of the Plaintiff's rights pursuant to 28 U.S.C. §§1331 and 1343(a)(3) and (a)(4) as well as the Eighth and Fourteenth Amendments of the United States Constitution and for violations alleged herein of her civil rights pursuant to 42 U.S.C. §1983.

5.  Venue is appropriate in the Nashville Division of the Middle District of Tennessee as all acts and omissions complained of herein occurred in Columbia, Maury County, Tennessee.

## STATEMENT OF FACTS

6.  On or about July 19, 2015, the Plaintiff was arrested and placed into the custody of the Maury County Sheriff's Department and held pre-trial or settlement unable to post bond.

7.  On or about August 1, 2015, Plaintiff discovered that she was pregnant.

8.  On or about August 27, 2015, Plaintiff notified Sheriff Bucky Rowland of the Maury County Sheriff's Department that she desired to obtain an abortion to terminate her pregnancy.  Notice was given to Sheriff Bucky Rowland via a letter from Plaintiff's counsel.

9.  On or about August 30, 2015, Sheriff Bucky Rowland notified Plaintiff's counsel via telephone conversation that the Sheriff's Department would not provide funding or transportation for purposes of obtaining an abortion unless the abortion was deemed to be medically necessary to save the mother's life or the pregnancy was the result of rape or incest.

10. Plaintiff, through counsel, twice attempted to obtain a lower bond requirement in an effort to secure her pretrial release in order to obtain the abortion of her pregnancy.

11. Plaintiff was unable to post the court ordered bond until January 19, 2016.

12. Plaintiff's release date was beyond the end of the second trimester of pregnancy making the availability of abortion procedures illegal.

13. As a result of Defendants' customs, policies, and practices, which do not provide access to abortions for pregnant inmates, Plaintiff gave birth to a child on April 6, 2016.

14. As a result of Defendants' customs, policies, and practices, Plaintiff has incurred expenses in the costs of raising said child since its birth and will incur future expenses.

15. As a result of Defendants' customs, polices, and practices, Plaintiff has been continuously receiving counseling for post-partum depression since the birth of her child.

## COUNT I

**VIOLATION OF THE PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT**

**Eighth Amendment of the United States Constitution**

16. Plaintiff was in the custody of the Maury County Sheriff's Department unable to secure pretrial release at the time she discovered she was pregnant.

17. Plaintiff requested the Sheriff's Department to provide transportation and funding for abortion services to terminate her pregnancy.

3

18. Defendants refused to provide either transportation or funding for abortion services unless the abortion was deemed medically necessary to save the mother's life or the pregnancy was a product of rape or incest.

16. As a consequence of Defendants' actions, acting individually or in concert with each other, Plaintiff was denied access to necessary medical care in her attempt to secure an abortion of her pregnancy.

17. Defendants' actions constitute a violation of her clearly established Constitutional rights against cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution.

18. Defendants, by their deliberate indifference to a serious medical need by knowingly, intentionally, negligently and/or maliciously failing to establish proper customs, policies, and practices regarding access to abortions by pregnant inmates violated Plaintiff's Constitutional rights against cruel and unusual punishment.

19. As a consequence of Defendants' actions and omissions alleged herein, Plaintiff suffered needless physical pain, mental anguish, emotional suffering and other incidental or special damages incurred by virtue of her being incarcerated while pregnant and ultimately giving birth to a child.

20. Sheriff Bucky Rowland was the elected Sheriff of Maury County at the time of Plaintiff's incarceration and had the responsibility and duty to establish proper policies, practices, and customs to provide for access to abortions by pregnant inmates.

4

21. Defendants Maury County Sheriff's Department and Maury County, Tennessee, by virtue of being the beneficiary of services provided by the Maury County Sheriff's Department, had a responsibility and duty to ensure that inmates housed at the Maury County Sheriff's Department have access to timely appropriate medical care including timely access to abortion services for pregnant inmates.

## Count II

### VIOLATION OF DUE PROCESS

### Fourteenth Amendment to the United States Constitution

22. Plaintiff was in the custody of the Maury County Sheriff's Department unable to secure pretrial release at the time she discovered she was pregnant.

23. Plaintiff requested the Sheriff's Department to provide transportation and funding for abortion services to terminate her pregnancy.

24. Defendants refused to provide either transportation or funding for abortion services unless the abortion was deemed medically necessary to save the mother's life or the pregnancy was a product of rape or incest.

25. Plaintiff had a fundamental right to elect to obtain an abortion under the Fourteenth Amendment to the United States Constitution.

26. As a consequence of Defendants' actions and omissions alleged herein, Plaintiff was denied access to an abortion and ultimately gave birth to a child.

27. Sheriff Bucky Rowland was the elected Sheriff of Maury County at the time of Plaintiff's incarceration and had the responsibility and duty to establish proper policies, practices, and customs to provide for access to abortions by pregnant inmates.

28. Defendants Maury County Sheriff's Department and Maury County, Tennessee, by virtue of being the beneficiary of services provided by the Maury County Sheriff's Department, had a responsibility and duty to ensure that inmates housed at the Maury County Sheriff's Department have access to timely appropriate medical care including timely access to abortion services for pregnant inmates.

## COUNT III

### VIOLATION OF 42 U.S.C. §1983

29. Plaintiff was in the custody of the Maury County Sheriff's Department unable to secure pretrial release at the time she discovered she was pregnant.

30. Plaintiff requested the Sheriff's Department to provide transportation and funding for abortion services to terminate her pregnancy.

31. Defendants refused to provide either transportation or funding for abortion services unless the abortion was deemed medically necessary to save the mother's life or the pregnancy was a product of rape or incest.

32. Defendants, by their deliberate, knowing, intentional and/or malicious failure to establish policies, practices, and customs to provide access to abortions for pregnant inmates,

6

deprived Plaintiff of clearly established Constitutional rights under the United States Constitution.

33. The failure of Defendants to have proper policies, practices, and customs in place to provide access to abortions for pregnant inmates caused or contributed to Plaintiff's injuries.

33. Defendants' actions, acting individually or in concert with each other, constitute a violation of her civil rights pursuant to 42 U.S.C §1983.

34. Sheriff Bucky Rowland was the elected Sheriff of Maury County at the time of Plaintiff's incarceration and had the responsibility and duty to establish proper policies, practices, and customs to provide for access to abortions by pregnant inmates.

35. Defendants Maury County Sheriff's Department and Maury County, Tennessee, by virtue of being the beneficiary of services provided by the Maury County Sheriff's Department, had a responsibility and duty to ensure that inmates housed at the Maury County Sheriff's Department have access to timely appropriate medical care including timely access to abortion services for pregnant inmates.

## COUNT IV

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff was in the custody of the Maury County Sheriff's Department unable to secure pretrial release at the time she discovered she was pregnant.

37. Plaintiff requested the Sheriff's Department to provide transportation and funding

for abortion services to terminate her pregnancy.

38. Defendants refused to provide either transportation or funding for abortion services unless the abortion was deemed medically necessary to save the mother's life or the pregnancy was a product of rape or incest.

39. Through the knowing, intentional, negligent, and/or malicious failure to establish proper practices, policies, and customs to provide access to abortions for pregnant inmates, Plaintiff suffered severe emotional distress as well as physical pain and damage.

40. Sheriff Bucky Rowland was the elected Sheriff of Maury County at the time of Plaintiff's incarceration and had the responsibility and duty to establish proper policies, practices, and customs to provide for access to abortions by pregnant inmates.

41. Defendants Maury County Sheriff's Department and Maury County, Tennessee, by virtue of being the beneficiary of services provided by the Maury County Sheriff's Department, had a responsibility and duty to ensure that inmates housed at the Maury County Sheriff's Department have access to timely appropriate medical care including timely access to abortion services for pregnant inmates.

**WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF:**

1. That proper process issue and be served upon Defendants requiring them to answer within the time prescribed by law.

2. That Plaintiff be granted relief to amend this Complaint if information obtained in

the discovery process warrants amendment.

3.    That Plaintiff be awarded damages in the amount of $150,000.00 as well as all damages recoverable under 42 U.S.C. §1983.

4.    That Plaintiff be awarded punitive damages in the amount of $1,350,000.00.

5.    That a judgment be awarded in favor of the Plaintiff against the Defendants for the reimbursement of all costs of attorneys' fees and filing fees as provided by statute and all other relief that this Court deems just and proper.

Respectfully submitted,

s/Lee E. Brooks
Lee E. Brooks, #031044
Attorney for Plaintiff
39 Public Square
Columbia, TN 38401
(931) 492-9569
(931) 492-9492
lee@brookslaw-mediation.com

9

10