UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| KEI'CHOURA M. CATHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-00115 |
| ) | Magistrate Judge Brown |
| MAURY COUNTY SHERIFF'S ) | |
| DEPARTMENT, SHERIFF BUCKY ) | |
| ROWLAND, and MAURY COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Kei'Choura M. Cathey brought this action against the Maury County Sheriff's Department, Sheriff Bucky Rowland, and Maury County, Tennessee, alleging she was subjected to cruel and unusual punishment, deprived of a fundamental right, and negligently subjected to emotional distress when she was denied transportation and funding for an elective abortion while in Defendants' custody. Before the Court is Defendants' Motion to Dismiss. (Doc. 8). For the following reasons, the Motion to Dismiss is **GRANTED**.

## I.   STATEMENT OF THE CASE

On July 19, 2015, Plaintiff was arrested and placed into the pre-trial custody of the Maury County Sheriff's Department. (Doc. 1, p. 2 ¶ 6). Soon thereafter, she discovered she was pregnant. (*Id.* ¶ 7). Through counsel, on August 27, 2015, Plaintiff notified Sheriff Rowland that she wished to terminate her pregnancy. (*Id.* ¶ 8).

Sheriff Rowland responded to Plaintiff's attorney on August 30, 2015. (*Id.* ¶ 9). The Sheriff explained that the Sheriff's Department would not provide funding or transportation to

1

facilitate an abortion unless the procedure was medically necessary to save the mother's life or the pregnancy was the result of rape or incest. (*Id.*).

Though Plaintiff made two attempts to obtain a lower bond requirement, she was unable to post bond until January 19, 2016. (*Id.* p. 3 ¶¶ 10-11). By that time, Plaintiff could no longer legally obtain an elective abortion. (*Id.* ¶ 12). She gave birth to a child on April 6, 2016. (*Id.* ¶ 13).

Plaintiff commenced this suit on December 29, 2016. (Doc. 1). She alleged Defendants' denial of access to an abortion violated the Eighth Amendment's prohibition of cruel and unusual punishment, deprived her of her fundamental right to obtain an abortion under the Fourteenth Amendment, violated her civil rights under 42 U.S.C. § 1983,[1] and negligently inflicted emotional distress. (*Id.* pp. 3-8 ¶¶ 16-41).

With the consent of the parties, this case was transferred to the undersigned to conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings. (Doc. 15).

Presently pending is Defendants' fully briefed Motion to Dismiss this suit for failure to state a claim upon which relief can be granted. (Docs. 8-10, 13). Upon entry of an Agreed Order of Voluntary Dismissal in Part with Prejudice, which dismissed the Eighth Amendment claim, the Sheriff's Department, and Sheriff Rowland from this suit, only two claims remain.[2] (Doc. 18). First, the Court must determine whether Plaintiff's Fourteenth Amendment claim against Defendant Maury County is time-barred. Second, the Court must decide whether to exercise

---

[1] Section 1983 does not provide grounds for an independent claim. Rather, "§ 1983 serves as a vehicle to obtain damages for violations of both the Constitution and of federal statutes." *Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006).

[2] Though the parties' Agreed Order requested the Court enter final judgment in favor of the Sheriff's Department and Sheriff Rowland, the Agreed Order did not explicitly address the resolution of Plaintiff's claim of negligent infliction of emotional distress against these Defendants. At present, all claims against the Sheriff's Department and Sheriff Rowland have been dismissed with prejudice. (Doc. 18, p. 2 ¶¶ 4-5).

supplemental jurisdiction over Plaintiff's state-law claim for negligent infliction of emotional distress against Defendant Maury County.

## II. STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure imposes a straightforward pleading standard. A complaint must contain a short and plain statement of the court's jurisdiction, a claim showing entitlement to relief, and the relief demanded. Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) is proper where, even accepting the factual allegations as true, the complaint fails to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Luis v. Zang*, 833 F.3d 619, 625-26 (6th Cir. 2016). Though a motion to dismiss "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations," dismissal is appropriate where the untimeliness is apparent from the face of the complaint. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## III. ANALYSIS

**A. FOURTEENTH AMENDMENT PROTECTION FOR REPRODUCTIVE AUTONOMY**

Defendant Maury County argues it is entitled to dismissal of Plaintiff's Fourteenth Amendment claim[3] because the count is barred by the statute of limitations. (Doc. 9, pp. 6-9). Defendant is correct.

As Plaintiff brings this Fourteenth Amendment claim under 42 U.S.C. § 1983, the claim is governed by Tennessee's one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1); *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)) (explaining that the statute of limitations governing § 1983 actions is borrowed from the forum

---

[3] Plaintiff's Fourteenth Amendment claim is premised on being denied her fundamental right to an abortion. Had she additionally alleged a denial-of-care claim under the Fourteenth Amendment, that claim would also be time-barred.

3

state's statute of limitations for personal injury actions). Plaintiff does not provide any argument in support of tolling. This lawsuit was filed on December 29, 2016. Therefore, any § 1983 claims that accrued before December 29, 2015, would typically be time-barred.

Federal law determines the accrual date of a cause of action under § 1983. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001)). This is determined by considering whether the plaintiff could have discovered the injury through reasonable diligence. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). The court must consider whether the events should have alerted a typical lay person that she needed to act to protect her rights. *Johnson*, 777 F.3d at 843 (quoting *Roberson*, 399 F.3d at 794). For instance, a denial-of-care claim may accrue at the time an inmate learns her request for medical care has been denied. *See Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 466-67 (6th Cir. 2010) (remanding to the district court to determine whether requests for medical care were denied within the statutory filing period); *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (citing *Hermansen v. Schickel*, 202 F.3d 268 (6th Cir. 1999) (unpublished)) (holding the plaintiff's claim of deliberate indifference accrued when the plaintiff learned his doctor was not complying with the prison's medical policies and would not provide cancer testing or therapeutic treatment); *Hawkins v. Spitters*, 79 F. App'x 168, 169-70 (6th Cir. 2003) (holding an inmate's cause of action accrued when he learned his request for medical care was denied, not when he was eventually diagnosed with sleep apnea).

As of August 30, 2015, Plaintiff was aware that Defendants would not provide transportation and funding for an abortion absent a medical necessity or unless the pregnancy was the result of rape or incest. Upon receipt of Defendants' decision, a reasonably diligent individual would have been alerted to the need to further pursue her right to an elective abortion. *See* Tenn. Code Ann. § 39-15-201(c)(1)-(2) (permitting elective abortions until viability of the fetus). The Court concludes the one-year deadline to file a § 1983 claim concerning this injury started to run on August 30, 2015. Plaintiff's Complaint was filed on December 29, 2016, well outside the one-year filing period.

The continuing-violation doctrine does not excuse Plaintiff's untimely filing. "Under the continuing-violation doctrine, the court can consider as timely all relevant violations 'including those that would otherwise be time[-]barred.'" *Nat'l Parks Conservation Ass'n, Inc. v. Tennessee Valley Auth.*, 480 F.3d 410, 416 (6th Cir. 2007) (quoting *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003)). With reluctance, the Sixth Circuit has applied the continuing-violation doctrine beyond Title VII cases to other claims of deprivation of civil rights. *Id.* at 416-17 (quoting *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 n.3 (6th Cir. 1995) and collecting cases). The doctrine solely applies to claims arising from longstanding, demonstrable policies; it does not apply to claims involving discrete violations that fall outside the statutory time period. *Sharpe*, 319 F.3d at 268. To fall within the doctrine, the defendant must continue his wrongful conduct after the first instance, the plaintiff's injury must continue to accrue after the first violation, and additional injury to the plaintiff must have been avoidable had the defendant ceased his wrongful conduct. *Eidson*, 510 F.3d at 635 (quoting *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999) and citing *Paschal v. Flagstar Bank*, 295 F.3d 565, 572 (6th Cir. 2002)).

Plaintiff's § 1983 claim is based on a single act: Sheriff Rowland's August 30, 2015, notification that Plaintiff's request for transportation and funding for an abortion had been denied.[4] This allegation is insufficient to invoke the continuing-violation doctrine, for "[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Tolbert*, 172 F.3d at 940 (quoting *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991)). Further, to the extent Plaintiff contends Defendant violated her fundamental right to obtain an abortion from the point of conception until the point of viability, such claim is unavailing because the continuing-violation doctrine may not be based on passive inaction. *See Eidson*, 510 F.3d at 635 (citing *Paschal*, 295 F.3d at 573; *Tolbert*, 172 F.3d at 940). Because Plaintiff's § 1983 claim is based on a single violation of her Fourteenth Amendment rights that allegedly occurred before the statutory filing period, the continuing-violation doctrine does not remedy the claim's untimeliness.

From the face of the complaint, it is apparent that Plaintiff's Fourteenth Amendment claim is time-barred. For this reason, the claim is **DISMISSED WITH PREJUDICE**.

**B. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Defendant requests the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining claim of negligent infliction of emotional distress against Defendant Maury County. (Doc. 9, pp. 9-10). This relief is merited for two independently sufficient reasons.

A district court may decline to exercise supplemental jurisdiction over a claim where, among other reasons, "(3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3)-(4).

---

[4] Though Plaintiff additionally alleges attempts to lower her bond, she fails to attribute the Court's bond decision to Defendants.

Dismissal of Plaintiff's state-law claim for negligent infliction of emotional dismiss is appropriate under 28 U.S.C. § 1367(c)(3). Original jurisdiction in this suit was premised on Plaintiff's Eighth and Fourteenth Amendment claims. *See id.* §§ 1331, 1343(a)(3)-(4). By virtue of arising out of the same nucleus of operative facts as the constitutional claims, Plaintiff's state-law claim for negligent infliction of emotional distress could be heard in this Court under the Court's supplemental jurisdiction. *See id.* § 1367(a); *Hucul Advert., LLC v. Charter Twp. of Gaines*, 748 F.3d 273, 280 (6th Cir. 2014) (quoting *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002)). Because Plaintiff's constitutional claims have now been dismissed, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claim. *See* 28 U.S.C. § 1367(c)(3).

In the alternative, dismissal of this state-law claim is permissible under 28 U.S.C. § 1367(c)(4) because Tennessee circuit courts have exclusive jurisdiction to hear this claim. Through the Tennessee Governmental Tort Liability Act ("TGTLA"), Tennessee has waived sovereign immunity for specific types of lawsuits, such as claims arising out of government employee negligence. *See* Tenn. Code Ann. § 29-20-101 *et seq.* Claims for damages under the TGTLA must be brought in strict compliance with the Act. *Id.* § 29-20-201(c). Tennessee circuit courts have exclusive original jurisdiction over actions brought under the TGTLA. *Id.* § 29-20-307. Recognizing that "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts," the Sixth Circuit found "[t]his unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction" under 28 U.S.C. § 1367(c). *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000); *but c.f. Brown v. City of Memphis*, 440 F. Supp. 2d 868, 876 n.4 (W.D. Tenn. 2006) (interpreting *Gregory* as approving the district court's exercise of discretion in dismissing TGTLA claims, not

as requiring dismissal of all supplemental TGTLA claims). Seeing as no federal claims remain and the State of Tennessee has explicitly expressed an interest in adjudicating claims such as the remaining state-law count, the Court declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(4).

Having declined to exercise supplemental jurisdiction over Plaintiff's state-law claim of negligent infliction of emotional distress against Defendant Maury County, the claim is **DISMISSED WITHOUT PREJUDICE**.

### IV.   CONCLUSION

For the reasons provided herein, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Fourteenth Amendment claim against Defendant Maury County is **DISMISSED WITH PREJUDICE**, and Plaintiff's claim of negligent infliction of emotional dismiss against Defendant Maury County is **DISMISSED WITHOUT PREJUDICE**. An appropriate Order will be entered.

**ENTERED** this 5th day of May, 2017.

/s/ Joe B. Brown
JOE B. BROWN
UNITED STATES MAGISTRATE JUDGE